**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**EUGENE A. LOISEL, III**                                                              **PETITIONER**

**VERSUS**                                                     **NO. 1:09cv142-HSO-JMR**

**RONALD KING**                                                                **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court on Eugene Loisel's Petition [1-1] for Writ of Habeas Corpus and amendment [10-1] thereto. The Respondent has filed an Answer [7-1] to the Petition and a Response [13-1] to the amendment. Also, Petitioner filed two responses to Respondent's Answer. (*See* Resp. [14-1]; Resp. [15-1].) This Court, having been advised in the premises and having considered the entire record, including the lodged state court record, the Petition [1-1] and amendment [10-1], the Answer [7-1], Respondent's Response [14-1], Petitioner's Responses [14-1; 15-1], and all relevant law, finds that Eugene Loisel's Petition [1-1] for Writ of Habeas Corpus should be denied.

**STATEMENT OF THE CASE**

The Petitioner, Eugene Loisel ("Loisel") pled guilty to Robbery in the Circuit Court of Harrison County, Mississippi, First Judicial District on October 3, 2005. Loisel was sentenced to serve a term of ten (10) years, with eight (8) years suspended, two (2) years to be served in the custody of the Mississippi Department of Corrections ("MDOC"), and three (3) years post-release supervision. *See* State Court Record, ("S.C.R.") vol. 1, 88-90. Further, Loisel was ordered to pay court costs, a fine and restitution. *Id.* One of the conditions of Loisel's post-release supervision once he was released from MDOC confinement included successful completion of an MDOC restitution center. *Id.*

On October 9, 2006, the circuit court revoked Loisel's probation and ordered him to serve seven (7) years in the custody of the MDOC. (S.C.R. vol. 1, 92.)  Loisel, *pro se*, filed a Motion for Post-Conviction Relief in the circuit court on April 23, 2007. (S.C.R. vol. 1, 5-82.)  The trial court denied Loisel's motion by Order on September 16, 2007. *Id.* at 108-09.  Loisel appealed the circuit court's denial of his post-conviction motion to the Mississippi Supreme Court.  On November 25, 2008, the Mississippi Court of Appeals affirmed the circuit court's decision in a written opinion. *See Loisel v. State*, 995 So.2d 850 (Miss.Ct.App. 2008); *see also* Ex. "A" Attach. Resp't Answer [7-2]. On December 12, 2008, Petitioner filed a motion for extension of time with the Mississippi Court of Appeals asking for more time to file for rehearing, however, the court denied the motion on December 15, 2008 as untimely. (*See* Ex. "B" Attach. Resp't Answer [7-2].)  The records of the Mississippi Supreme Court reveal that Loisel did not file a motion for rehearing with the Mississippi Court of Appeals or a petition for writ of certiorari with the Mississippi Supreme Court.

Loisel filed the instant Petition [1-1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising the following grounds (as stated by Petitioner):

> Ground One:  The probation officer should have filed a petition to revoke or modify my probation as I requested, but refused to do so, as a result petitioner was reinjured after being placed on a top rack.
>
> Ground Two: Petitioner was not informed of his right to cross-examine adverse witnesses and to present documentary evidence on his own behalf, at which the court of appeals did not address.
>
> Ground Three: Petitioner was never provided with a list of the evidence that was presented against him prior or at his final revocation hearing, or a statement as to what evidence was relied on in revocation.
>
> Ground Four: Petitioner was never informed of his right to present witnesses or documentary evidence in his own behalf.

> Ground Five: Petitioner was coerced into signing a piece of paper "unknowingly" that it was a preliminary revocation hearing. Petitioner was told by the probation officer that by signing this piece of paper that he will see his judge quicker.
>
> Ground Six: Petitioner received two (2) rule violation reports, and Petitioner's probation was revoked. MDOC never followed its own policies and procedures when it revoked Petitioner's probation. Petitioner was never given a disciplinary hearing or found guilty for the violation reports. Petitioner wasn't allowed to present a witness or evidence.

(*See* Pet. [1-1]; Amendment [10-1].) Loisel is currently in the custody of Ronald King, Superintendent of the South Mississippi Correctional Institution in Leakesville, Mississippi.

## ANALYSIS

The Respondent submits, and the Court agrees, that the claims raised by Loisel in his present Petition have not been presented to the State's highest court in a procedurally proper manner. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); Carter *v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*,

157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997).

However, Respondent posits that Loisel cannot now meet the exhaustion requirement and has procedurally defaulted his claims in state court by failing to timely seek rehearing with the Mississippi Court of Appeals; thereby, forfeiting his ability to then seek certiorari with the Mississippi Supreme Court. *See* M.R.A.P. 40 and 17. Furthermore, Petitioner's claims are likely barred from Post-Conviction Relief in state court as it would most likely be dismissed as a second or successive application. Mississippi's Post-Conviction Collateral Relief Act, § 99-39-27(9) states, in relevant part, that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." MISS. CODE ANN. § 99-39-27(9). Therefore, Respondent submits, and this Court agrees, that there is no opportunity available for Loisel to present his claims to the state court in which such claims would be deemed procedurally proper. Consequently, Loisel has "technically exhausted" his claims in the instant petition and those claims are considered to be procedurally defaulted. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (citations and internal quotation marks omitted) ("[W]hen federal habeas claims are technically exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state court...[,] there is no substantial difference between nonexhaustion and procedural default."); *see also Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

Procedural default of a federal claim in state court bars federal habeas review of that claim unless the petitioner can show "cause" for the default and "prejudice" attributable thereto, *Murray*

*v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495. Loisel concedes that he did not file a motion for rehearing with the Mississippi Court of Appeals, but he contends this was due to the court improperly denying as untimely his motion for extension of time to file for rehearing. (*See* Resp. [14-1].) The Mississippi Court of Appeals affirmed the denial of Petitioner's post-conviction relief motion on November 25, 2008. (*See* Ex. "A" Attach. Resp't Answer [7-2].) Thereby, Petitioner had fourteen (14) days, until December 9, 2008, in which to file a motion for rehearing in order to preserve his ability to seek certiorari with the Mississippi Supreme Court. *See* M.R.A.P. 40 and 17. Petitioner never filed a motion for rehearing. Instead, on December 12, 2008, three (3) days after the filing deadline, Petitioner filed a "Notice of Motion" seeking additional time to file a motion for rehearing, which the court of appeals denied as untimely. (*See* Ex. "B" Attach. Resp't Answer [7-2].)

Petitioner asserts that Mississippi Rule of Appellate Procedure 26(c) allows for a three (3) day extension of the fourteen (14) day deadline found in Rule 40. Rule 26(c) states that "[w]henever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, three (3) days shall be added to that prescribed period." M.R.A.P. 26(c). Loisel argues that the three day extension found in Rule 26(c) should be added to the fourteen day filing deadline in Rule 40, and therefore, he claims that the motion for rehearing filing deadline should have been December 12, 2008, seventeen (17) days after the court of appeals' decision. Thus, Loisel claims that his motion for extension of time was timely filed.

However, regardless of Petitioner's contention that the actual deadline was December 12, 2008, he still did not file a motion for rehearing on or before December 12, 2008. Instead, on December 12, 2008, Petitioner filed a motion seeking additional time in which to file a motion for rehearing. (*See* Pet.'s Resps. [14-1; 15-1].) The court of appeals denied Petitioner's request for

additional time on December 16, 2008. (*See* Ex. "B" Attach. Resp't Answer [7-2].) Thus, even if this Court were to assume that Petitioner's motion seeking additional time to file a motion for rehearing was timely filed *and* it tolled the motion for rehearing filing deadline, then the motion for rehearing deadline would have been tolled for one day - since Petitioner filed his motion on the alleged last day of the deadline - and Petitioner should have filed a motion for hearing by December 17, 2008, one day after the court appeals ruled on his motion for extension of time.[1]  However, as stated earlier, Petitioner has never filed a motion for rehearing nor did he file a writ of certiorari with the Mississippi Supreme Court.  Accordingly, Loisel's claims in the present petition were not properly presented to the state's highest court and he therefore fails to satisfy the exhaustion requirement. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  Therefore, unless Loisel qualifies under one of § 2254(b)'s narrow exceptions: "cause and actual prejudice" or "miscarriage of justice," his Petition should be dismissed. *See* 28 U.S.C. § 2254(b)(1)(B).

To prove "cause" Loisel must establish that some "external force" impeded the defense's efforts to comply with the procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Loisel argues that M.R.A.P. 26(c) extends the motion for rehearing filing deadline by three (3) days since he received the court's opinion by mail, and thus, the actual deadline for filing his motion for

---

[1] M.R.A.P. 26(c) states that for actions to be taken within a prescribed period after service of a paper by mail, three days shall be added to the prescribed period.  Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a).  Rule 40 states that "[A] motion for hearing may be filed within 14 days *after a decision is handed down* on the merits by the Supreme Court or the Court of Appeals." *Id.* (emphasis added).  The Court notes that Petitioner did not present, nor could it find, case law where the three day extension found in Rule 26(c) was applied to the fourteen day deadline for filing a motion for rehearing.  The Mississippi cases dealing with motions for rehearing, Rule 40 and 17 have held that a motion for rehearing is due fourteen (14) days after a case is decided. *See Dunn v. Dunn*, 853 So.2d 1150 (Miss. 2003) (court noted that must file motion for rehearing within fourteen days of the entry of the appellate court's judgment to preserve issues); *see also Harris v. State*, 704 So.2d 1286 (Miss. 1997) (court held that petition for rehearing is to be filed within fourteen days of entry of judgment, unless additional time is allowed).

rehearing was December 12, 2008. (*See* Pet.'s Resps. [14-1; 15-1].)  Petitioner argues that his motion for extension of time was timely filed and it was denied in error.  Regardless of Petitioner's contention that his motion for extension of time was dismissed in error, Petitioner never filed a motion for rehearing with the court of appeals nor did he file a writ of certiorari with the Mississippi Supreme Court.  As previously noted, even if this Court were to accept Petitioner's claim that he timely filed a motion seeking additional time to file for rehearing and said motion tolled the motion for rehearing filing deadline, Petitioner's motion for rehearing would have been due on December 17, 2008, one day after the court denied Petitioner's motion for extension of time.  However, Petitioner has never filed a motion for rehearing.

Loisel's ignorance of procedure or deadlines, however, does not constitute "cause," as such ignorance is not an objective, external factor preventing him from raising his claim. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991); *see also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).  Loisel has not offered any argument that a genuine external force caused the procedural violation. *See Murray*, 477 U.S. at 488 ("external forces" include, inter alia, objective factors external to the defense that impeded counsel's compliance or "some interference by officials [that] made compliance impractical").

In addition to cause, Loisel must show "actual prejudice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 750.  A showing of prejudice requires the petitioner to prove not merely that the omission created a possibility of prejudice, but that it worked to his actual and substantial disadvantage. *See United States v. Frady*, 456 U.S. 152, 170 (1982); *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir.), *cert. denied*, 501 U.S. 1278 (1991).  However, "absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir*, 956 F.2d at 118).

Loisel also cannot establish that procedural default would occasion a miscarriage of justice. The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *See Coleman*, 501 U.S. at 750; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). To meet this test, Loisel needed to supplement his constitutional claim with a colorable showing of factual innocence, i.e., "a fair probability that, in light of all the evidence, including that... evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (citations and quotations omitted); *see also Callins v. Johnson*, 89 F.3d 210, 213-214 (5th Cir. 1996) ("This miscarriage of justice exception is concerned with actual as compared to legal innocence[.]") To establish the requisite probability that he was actually innocent, Loisel must support his allegations with new, reliable evidence that was not presented at the revocation hearings. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) Essentially, Loisel must show that, as a factual matter, he did not commit the crime for which he was convicted. *Id.* However, Loisel has not offered any new evidence that was not presented at the revocation hearings, nor has he even sufficiently raised a "factual innocence" argument. Loisel argues that he was not guilty of the two Rules Violation Reports ("RVR") that he received at the restitution center and thus the revocation of his probation violates his due process. Loisel claims that he never received a disciplinary hearing on the RVR's at the restitution center and therefore they should be dismissed. (Pet.'s Resp. [15-1] 2.) Loisel asserts that since his RVR's should be dismissed then his revocation is unsupported by a conviction and thus violates his due process. However, the record does not support this accusation. The record reflects that on October 9, 2006 Petitioner appeared before the Circuit Court of Harrison County, First Judicial District for a final revocation

hearing. (S.C.R. vol. 2, 1-6.) Petitioner admitted to receiving a rules violation report at the restitution center on August 16, 2006 for being in an unauthorized area. *Id.* at 3. Also, Petitioner stated that on August 20, 2006, he was ordered by a restitution center officer to get prepared for church service but instead he went to get a soda from the coke machine. *Id.* Petitioner stated that when the officer confronted him about the soda he asked to leave the restitution center and be taken to the Harrison County Jail to see his judge. *Id.* at 3-4. The evidence revealed that Petitioner did not successfully complete the restitution center. The Court notes that successful completion of the restitution center was a condition of Loisel's probation. The trial judge found that Loisel violated his probation and sentenced him to serve seven (7) of the eight (8) previously suspended years. *Id.* at 5-6. On November 20, 2006, Loisel, represented by an attorney, appeared before the trial court on a motion to reconsider the revocation. *Id.* at 7-11. Loisel's counsel informed the trial court that Loisel had "issues" with the restitution center due to an injury received while in MDOC custody, and she argued that some punishment was justified but that revoking seven (7) years was excessive. (S.C.R. vol. 2, 8-11.) Loisel's counsel did not challenge Loisel's revocation but merely argued for a lesser sentence. *Id.* She did not call any witnesses or present any testimony. *Id.* The trial court asked Loisel if he wished to testify and he declined. *Id.* The trial court denied Loisel's motion to reconsider. *Id.*; *see also* S.C.R. vol. 1, 93.

During the final revocation hearing held on October 9, 2006, Loisel admitted to the trial court that he received an RVR on August 16, 2006 for being in an unauthorized area. (S.C.R. vol. 2, 3.) Also, Loisel admitted that on August 20, 2006 he believed a restitution center officer was "disrespecting" him because he went to purchase a drink from the coke machine instead of going to church service as he was ordered, and he requested to leave the restitution center and be taken to the Harrison County jail to see a judge. (S.C.R. vol. 2, 3-4.) When the trial judge asked Loisel what he

had to say about the charges, Loisel informed the court that his father had work available for him in Louisiana. (S.C.R. vol. 2, 2-6.) Loisel did not challenge the August 16, 2006 RVR, and he did not deny requesting to leave the restitution center before completion. *Id.* The Court again notes that successful completion of the restitution center was a condition of Loisel's probation. Loisel simply has not shown that, as a factual matter, he did not violate the terms of his probation. *See Fairman*, 188 F.3d at 644.

Indeed, sufficient evidence was presented to the trial court to find that Loisel violated the terms of his probation on his Robbery conviction. Probation revocations are not subject to a reasonable-doubt standard. Under Mississippi law, a conviction is not necessary for the court to revoke probation. *Smith v. State*, 742 So.2d 1146 (Miss. 1999). The trial judge may revoke probation "upon a showing that the defendant has more likely than not violated the terms thereof." *Smith*, 742 So.2d at 1148 (quoting *Wallace v. State*, 607 So.2d 1184, 1190 (Miss. 1992)). Loisel admitted to the trial court that he requested to leave the restitution center without successfully completing the program. Furthermore, Loisel has not presented any new, reliable evidence that was not presented at the revocation hearings. *Fairman*, 188 F.3d at 644. He has only submitted unsupported allegations. Under the standard of the miscarriage of justice exception and in light of the testimony presented to the trial court establishing that Loisel failed to complete the restitution center program, Loisel has not established that a fundamental miscarriage of justice will result if his claims are not considered on the merits. *See Coleman*, 501 U.S. at 750; *Ward*, 53 F.3d at 108. Accordingly, this Court is precluded from considering the grounds presented in Loisel's habeas petition due to his default in the courts of Mississippi.

Based on the foregoing analysis, the Court finds that Loisel failed to present his claims to the state courts, that his claims would be barred under Mississippi law, and that he does not qualify for

the equitable exceptions carved out in § 2254(b). Thus, Loisel is not entitled to habeas relief for the claims raised in his Petition.

Alternatively, under 28 U.S.C. § 2254(b)(2) of the AEDPA, this Court may deny claims on the merits, notwithstanding the failure of the petitioner to exhaust his state remedies. The Court finds that Loisel's claims should also be denied on the merits. It is settled that revocation proceedings need only meet the "minimum requirements of due process" by providing the following procedural safeguards:

> 1. written notice of claimed violations of probation;
>
> 2. disclosure to the probationer of evidence against him;
>
> 3. opportunity to be heard in person and to present witnesses and documentary evidence;
>
> 4. the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation);
>
> 5. a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
>
> 6. a written statement by the fact finders as to the evidence relied on and reasons for revoking probation.

*Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)); *see also Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir.), cert. denied, 528 U.S. 882, 120 S. Ct. 197, 145 L. Ed. 2d 165 (1999). Loisel was accorded the minimum due process requirements to which he was entitled at his revocation hearing. He acknowledges signing a waiver of preliminary hearing. Though Loisel alleges that he was coerced into signing this waiver unknowingly, he has not presented any evidence

in support of this allegation.[2]  A final revocation hearing was conducted where the evidence against him was presented and he was given the opportunity to be heard on the matter.  The trial court entered a written order revoking Loisel's probation which stated the facts and reasons the court used to find that Loisel had violated the terms of his probation.  Also, a hearing was held by the trial court on Loisel's motion to reconsider the revocation, and at that time Loisel was represented by counsel.  Again, Loisel was afforded an opportunity, with the assistance of counsel, to be heard on the charges against him.  The evidence shows that Loisel was afforded a final revocation hearing, as well as a hearing on a motion to reconsider, and as discussed *supra*, there was sufficient evidence to support the finding that he had violated the conditions of his probation.

## **CONCLUSION**

For the reasons discussed above, this Court recommends that Loisel's Petition [1-1] for Writ of Habeas Corpus be denied.  In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and

---

[2]The Court notes that Loisel claims he was informed if he signed the waiver he would get to see his judge faster. (Pet. [1-1] 9.)  Taking Loisel's allegation as true, it does not support a claim for habeas relief as it would be a fact that waiving a preliminary hearing would possibly result in a sooner final revocation hearing.  Also, any claim by Loisel for lack of a preliminary hearing is meritless since a final revocation hearing was held. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) (denying habeas relief for failure to conduct preliminary probation revocation hearing when final revocation hearing had been conducted).

legal conclusions accepted by the district Court.  *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

  This the   11th   day of January, 2011.

                *s/ John M. Roper, Sr.*
              CHIEF UNITED STATES MAGISTRATE JUDGE